### ACKER et al. v. HAMILTON et al.

No. 6620.

United States Court of Appeals for the District of Columbia.

Argued May 7, 8, 1936.

Decided June 29, 1936.

---

3 Wittnebel v. Longhman (C.C.A.) 80 F.(2d) 222.

Leo A. Rover, of Washington, D. C., for appellants.

Brice Clagett, Charles E. Wainwright, George P. Barse, Roger J. Whiteford, and Leslie C. Garnett, U. S. Atty., and H. L. Underwood, Asst. U. S. Atty., all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

This appeal was argued with No. 6626, Davis Trust Company, Trustee, et al. v. Cary A. Hardee, Receiver of Federal-American National Bank & Trust Company et al., 66 App.D.C. 168, 85 F.(2d) 571. There was the same objective in both suits, and the main question involved here was likewise involved and was decided in that case. We would feel constrained to affirm on the authority of the Davis Case without more, except for an allegation here which was not made in that case. It is that: "At the time of the filing of the said petition in cause No. 46 on the miscellaneous docket of this honorable Court [the reference is to the petition of the conservator filed in the Supreme Court of the District for leave to sell certain assets of the bank to the Hamilton Bank], the defendant, Joshua Evans, Jr., was not only the conservator of the defendant District National Bank but was also designated vice-president of the proposed Hamilton National Bank and upon its organization was elected to the said office and has continually since occupied and still occupies the same. Therefore, he was not in a position to assume even a neutral or impartial attitude towards the interests of the District National Bank which had been committed to his care, much less to protect its interests at arms length as he was in duty bound to do, against all persons including the defendant Comptroller of the Currency, and the defendant Hamilton National Bank."

To this quoted part of the bill it is only necessary to add that the bill, like the bill in the Davis Case, charges that the sale of assets by the conservator was ultra vires, and that it was unfair.

It is, however, not charged that there was any fraud on the part of the Comptroller or the conservator. Nor is it charged that the conservator was guilty of any personal wrong or overreaching or that he received any personal benefit. The extent of the charge is that, because of his expectant relationship with the purchasing bank, he was disqualified to act.

The trial judge held that the bill did not state facts justifying the court in enjoining the collection of the stock assessments and that the motions to dismiss should be granted. We think the conclusion correct.

Undoubtedly the rule is that a receiver cannot purchase at his own sale. The reason of the rule is that such practice would open the door to fraud and give room for suspicion even where there is no actual fraud. The only question here, therefore, is whether the facts in this case present justifiable grounds for the application of the rule. Assuming the power of the conservator, under the direction of the Comptroller, to make the sale—and that question we decided affirmatively in the Davis Case—the bill shows that the sale realized the full present market value of the securities; and, in result, no more than that can be asked or expected. The contract was authorized by the Comptroller along with similar—if not identical—contracts for seven or eight other local banks, and the conservator of each bank was directed to proceed with the due execution of the contract for his bank. The contracts were part of a whole scheme formulated by the Comptroller for salvaging some seven or eight insolvent banks by establishing the Hamilton Bank; and the order approving the contracts and directing their execution was a blanket order covering all the banks. Thus it is easy to see that this is not a case where a receiver is given or has exercised power to sell assets according to his own judgment. Instead, it is a case where the conservators of the several banks served only as mediums through which the scheme of salvage was effected. Here there was neither occasion nor opportunity for the conservator of this bank to consult his private interests. He acted as the mouthpiece or agent of the Comptroller. The sale, therefore, was the Comptroller's sale, and it is

obvious the conservator neither had nor could have any private interests to serve.

More than this, the conservator was not at the time an officer of Hamilton Bank. The allegation is that he was then designated vice president of the proposed bank. This relationship was not secret, but was commonly known; and, while these last-mentioned circumstances may not be held to affect the rule, still they qualify it to the extent that something more than this expectant relationship ought to be shown before a transaction should be condemned and set aside which is fair and equitable in all respects—and in which the conservator acted only by authority of his superior. There is no such showing.

Nor are there any facts alleged like those which induced the Supreme Court in Baker v. Schofield, 243 U.S. 114, 37 S.Ct. 333, 61 L.Ed. 626, to declare invalid a sale by a receiver to himself of assets of an insolvent bank. There the receiver was both seller and secret buyer for his own benefit. Here, as we have shown, the conservator was acting under the direction of the Comptroller in carrying out the Comptroller's contract and was, therefore, without opportunity to inject his private interests into the transaction.

In these circumstances, we think the relationship did not per se disqualify him and render the contract and the sale void or voidable. Here, assuming for the purpose of disposing of the question that the disqualification of the conservator as the selling agent may properly be shown in a stockholder's suit, we think something more than is alleged is necessary to justify a holding that there was a disqualification. In this view, and for the reasons stated in the Davis Case, we affirm the decision and order of the court below.

Affirmed.